IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUN 1 1 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA      )
                              )
v.                            )      1:07cr302
                              )
JEREMY PERNELL MOSLEY,        )
                              )
        Defendant.            )

### MEMORANDUM OPINION

Before the Court are defendant Jeremy Pernell Mosley's Notice Regarding Withdrawal of Guilty Plea [#55], in which Mosley's counsel advises the Court that he wishes to withdraw his guilty pleas, and Mosley's pro se Motion for Ineffective Counsel [sic] [#48], in which he criticizes the performance of his attorney and requests appointment of new counsel.  The Court has previously denied similar requests by Mosley, and, for the reasons stated below, those decisions will not be disturbed.

A.   Background

Mosley pled guilty on January 16, 2008, without a written plea agreement, to a two-count Superseding Indictment charging him with conspiracy to distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine, respectively in violation of 21 U.S.C. §§ 846 and 841(a)(1).  In a pro se letter to the Court, dated January 21, 2008, Mosley appeared to request withdrawal of his guilty

pleas, at least with respect to Count I (conspiracy).[1]  Shortly
thereafter, Mosley's counsel filed a formal Motion to Dismiss the
Superseding Indictment and to Withdraw Guilty Plea [#41].  After
a hearing on March 25, 2008, however, Mosley's pro se requests,
his formal motion, and an additional pro se motion to dismiss
[#45] were denied.

Mosley filed three more pro se documents [#48, 49 and 50],
in which he repeatedly requested appointment of new counsel and
another opportunity to withdraw his guilty pleas.  A status
hearing was held on April 25, 2008, to address Mosley's concerns
and to explain to him the consequences of withdrawing his guilty
pleas.  Mosley's request for new counsel was again denied, and he
was ordered to advise the Court, no later than April 30, 2008, as
to whether or not he still wished to withdraw his guilty pleas.

In a timely filing by his counsel, Mosley has indicated that
he still wishes to withdraw his guilty pleas.[2]  Meanwhile, the
government has filed a Renewed Opposition to Defendant's Motion
to Withdraw his Guilty Plea [#54], which describes, in more
detail than previously related, the prejudice it would suffer if
Mosley were permitted to withdraw his pleas.  After careful
consideration of the government's filing and reevaluation of the

---

[1]  In that letter, Mosley complained mostly about the issue
of venue with respect to the conspiracy.

[2]  Mosley has reiterated this desire in a pro se letter,
dated May 14, 2008.

2

record, the Court will not grant the defendant's requests to withdraw his pleas or for new counsel, and this case will proceed to sentencing.

> ### B.   Withdrawal of Guilty Plea

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant bears the burden of showing a fair and just reason for requesting withdrawal of a guilty plea.  In <u>United States v. Moore</u>, 931 F.2d 245 (4th Cir. 1991), the Fourth Circuit identified six factors a court should consider in evaluating a defendant's request to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence
> that his plea was not knowing or not voluntary, (2)
> whether the defendant has credibly asserted his legal
> innocence, (3) whether there has been a delay between
> the entering of the plea and the filing of the motion,
> (4) whether defendant has had close assistance of
> competent counsel, (5) whether withdrawal will cause
> prejudice to the government, and (6) whether it will
> inconvenience the court and waste judicial resources.

<u>Id.</u> at 248; <u>accord</u> <u>United States v. Faris</u>, 388 F.3d 452, 456 (4th Cir. 2004) (applying "the <u>Moore</u> factors").

As to the first factor, Mosley's claim that his pleas were "not knowing or not voluntary" is unsupported by credible evidence and contradicted by his statements, which were made under affirmation during the plea colloquy.  Mosley's primary argument is that he was misled by counsel and not sufficiently advised of the circumstances surrounding his case.  However, during his plea colloquy, Mosley acknowledged telling his lawyer,

Alan Yamamoto, everything he knew about the case and being fully satisfied with his counsel's performance:

> THE COURT: . . . . Have you had enough time to thoroughly discuss everything you know about this case with Mr. Yamamoto?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Has he discussed with you the nature of these two charges and any ways in which you could possibly defend against the charges?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you fully satisfied with the way in which Mr. Yamamoto has represented you in this case?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And have you thoroughly discussed with Mr. Yamamoto your options about going to trial in a few weeks versus pleading guilty today?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: All right. Do you feel you've had enough time to think about these guilty pleas?
> THE DEFENDANT: Yes, Your Honor.

Plea Hr'g Tr. 11:25-12:17, Jan. 16, 2008.

After a lengthy discussion of Mosley's rights and the facts surrounding his case, the Court again confirmed that Mosley understood the consequences of his guilty pleas and was pleading voluntarily:

> THE COURT: . . . . Are you completely comfortable in pleading guilty to this charge today?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: All right. Now, do you understand that if the Court accepts your guilty pleas today, there will be no further trial, and you will be found guilty today? And as I said earlier, you can't withdraw your guilty pleas just because you change your mind in a few weeks, and you can't appeal your convictions.
> Do you understand that?
> THE DEFENDANT: Yes, Your Honor.

Plea Hr'g Tr. 38:23 - 39:8, Jan. 16, 2008. The transcript of the plea colloquy also shows that Mosley was 28 years old; had a GED;

4

had no difficulty reading, writing, or understanding English; had
no physical or medical condition that might impair his
understanding of the proceedings; and was under an affirmation to
tell the truth.   See Plea Hr'g Tr. 2-3, Jan. 16, 2008.   Given
Mosely's unequivocal answers during the plea colloquy, his claims
that his pleas were not knowing or voluntary have no evidentiary
support.   Therefore, the first Moore factor weighs against him.

As to the second Moore factor, Mosley has made no claim that
he is innocent of either count.   Mosley confirmed this during the
plea colloquy:

        THE COURT:   All right.   To charge 1, the charge in
Count 1, that is, that your were part of this conspiracy . . . ,
do you claim in any respect you're innocent of that conspiracy
charge?
        THE DEFENDANT:   No, Your Honor.
        THE COURT:   How then do you plead to that charge?
        THE DEFENDANT:   Guilty.
        THE COURT:   Do you claim in any respect that you're
innocent of the charge in Count 2 . . . ?
        THE DEFENDANT:   No, Your Honor.
        THE COURT:   How then do you plead to that count?
        THE DEFENDANT:   Guilty.

Plea Hr'g Tr. 39:9 - 40:2, Jan. 16, 2008.   In addition, Mosley
specifically described his criminal activity:

        THE COURT:   All right.   And did you have crack cocaine
in the truck?
        THE DEFENDANT:   Yes, Your Honor.
        THE COURT:   All right.   Now, I mean, I'm not trying to
put words in your mouth.   If you truly believe you didn't have
crack cocaine, this is your day in court.   I don't want you
saying you had it just to make everybody happy because this plea
is going down.
        Do you understand that if you truly believe you didn't
have crack in the truck, you should tell me you didn't have
crack, and we're going to go ahead and we'll try that charge?   Do

5

you understand that?
          THE DEFENDANT:  Yes, I understand.
          THE COURT:  Did you have crack cocaine in the car?
          THE DEFENDANT:  Yes, Your Honor.
          THE COURT:  All right.  Now, why did you have the crack
cocaine in the truck that day?
          THE DEFENDANT:  I was going to make some deals.

Plea Hr'g Tr. 34:19 - 35:11, Jan. 18, 2008.  Based on these

responses, it is clear that the second Moore factor weighs

heavily against allowing Mosley to withdraw his guilty pleas.

     The third Moore factor weighs somewhat in Mosley's favor

because only a short period of time passed between Mosley's pleas

on January 16, 2008 and his letter dated January 21, 2008, in

which he expressed concern about his pleas.  However, it is worth

noting that his letter did not expressly request that he be

permitted to withdraw his pleas and contained only meritless

legal arguments about the charges against him.

     As to the fourth Moore factor, Mosley has had the assistance

of three separate attorneys during this litigation.  The highly

qualified Office of the Federal Public Defender provided his

original counsel.  Mosley chose to reject that counsel and

retained private counsel.  However, after two months, he

requested that his retained counsel be relieved and that new

counsel be appointed.  On November 20, 2007, Alan H. Yamamoto, a

highly qualified criminal defense practitioner, was appointed and

has represented Mosley ever since.  Although Mosley suggests that

he has been prejudiced by having been represented by multiple

6

attorneys, the change of counsel resulted from his decisions to hire and fire retained counsel.  The fourth Moore factor, therefore, weighs against Mosley.

As to the fifth Moore factor, the government has explained, in detail, the prejudice it would suffer if Mosley were permitted to withdraw his pleas at this point.  In addition to law enforcement officers, chemists, and federal prisoners who would have to be reassembled to testify at trial, the government would seek to introduce testimony of three civilian witnesses — one of whom is elderly, one of whom was reluctant to testify before the original trial date, for fear of retribution; and one of whom is a drug user whose whereabouts are presently unknown.  All three of these witnesses were prepared and ready to testify before the original January trial date, and, according to the government, the testimony of each would be necessary to prove Mosley guilty at trial.  The government's concerns tip the fifth Moore factor against granting Mosley's request to withdraw his guilty pleas.

Finally, whether granting a request to withdraw a guilty plea is "inconvenient" for a court or "wastes" judicial resources depends entirely on whether a defendant has shown a "fair and just" reason for withdrawal of his pleas.  See Fed. R. Crim. P. 11(d)(2)(B).  If the reason is fair and just, then it would be unfair and unjust to deny a defendant's request, despite the resulting inconvenience or the wasted expenditure of judicial

resources.  Here, however, Mosley has failed to establish a fair and just reason to withdraw his pleas.  In addition, the judicial system has a strong interest in finality.  To permit a defendant to withdraw a guilty plea when there is no evidence that he is innocent of the crimes to which he pled guilty and no evidence that the pleas were made unknowingly, without adequate legal assistance, or coerced, would undermine confidence in the integrity of judicial procedures.  See United States v. Timmereck, 441 U.S. 780, 784 (1979).

Because all but one of the Moore factors weigh strongly against Mosley, his numerous requests to withdraw his guilty pleas will be denied.

B.  "Ineffective Assistance" and Request for New Counsel

Claims of ineffective assistance are generally not cognizable at the district court level or on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, a defendant generally must raise the issue in a motion under 28 U.S.C. 2255.  See id.  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, for the reasons stated above regarding the performance of Mosley's counsel, there is no basis to find counsel ineffective on this record, and, therefore, Mosley's pro se Motion for Ineffective Counsel [sic] [#48] will be denied.

8

Mosley's repetitive requests for new counsel will also be denied. It is well-established that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006). As noted above, Mr. Yamamoto is Mosley's third attorney in this case, and there is nothing to suggest that Yamamoto has done anything unethical or unprofessional that might justify appointment of new counsel. Mosley's own displeasure with Yamamoto is no basis for the Court to appoint new counsel. See Morris v. Slappy, 461 U.S. 1, 13-14 (1983) (noting that the Sixth Amendment does not guarantee good rapport with one's attorney, just constitutionally adequate representation).

For all of the above reasons, Mosley's various requests to withdraw his guilty pleas and for new counsel will be denied, and this case will proceed to sentencing on Friday, June 20, 2008.

A separate order consistent with this opinion will be entered.

Entered this _11_ day of June, 2008.

_____/s/_____

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

9