

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07cr302 (LMB) |
| | ) | 1:10cv574 |
| JEREMY PERNELL MOSLEY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Jeremy Pernell Mosley, proceeding pro se, has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he seeks to have his conviction vacated on the basis of errors by the court in refusing to let him withdraw his guilty pleas and in the sentence. He also argues that his trial and appellate counsel were constitutionally ineffective. For the reasons stated below, these claims will be summarily dismissed without a response from the United States.[1]

## I. Background

On January 16, 2008, Mosley pled guilty to a two-count Superseding Indictment charging him with conspiracy to

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine, respectively in violation of 21 U.S.C. §§ 846 and 841(a)(1). In several subsequent pro se documents and letters to the Court, Mosley asked to withdraw his guilty pleas and requested appointment of new counsel to replace his appointed counsel, Alan Yamamoto. His requests were denied after a hearing on March 25, 2008 [#45], however he later filed three more pro se documents [#48, 49, and 50], in which he again requested appointment of new counsel and another opportunity to withdraw his guilty pleas. At a status conference on April 25, 2008, the Court explained to Mosley the consequences of withdrawing his guilty pleas, denied his new request for counsel, and directed him to inform the Court, no later than April 30, 2008, as to whether he still wished to withdraw his guilty pleas. Mosley timely indicated that he did wish to withdraw his guilty pleas. The government opposed Mosley's request, describing the prejudice it would suffer if Mosley were permitted to withdraw his pleas. By Memorandum Opinion and Order dated June 11, 2008, the Court denied Mosley's requests to withdraw his guilty pleas and for appointment of new counsel [#57 and 58]. The following week, the Court sentenced Mosley to 168 months incarceration.

The Presentence Report (PSR) calculated an offense level of 36, based on a finding that Mosley was responsible for

conspiring to distribute 12 kilograms of cocaine base, 825 grams of powder cocaine, and 11 ounces of marijuana. PSR parag. 30-31. At sentencing, however, the Court found that the evidence did not support holding Mosley accountable for those drug quantities and held Mosley responsible only for 50 to 150 grams of cocaine base, which reduced Mosley's total offense level to 30. Had the PSR's calculation of an offense level 36 been used, the resulting Guidelines range would have been 262 to 327 months. Instead, with an offense level of 30 and a criminal history category of IV, the Guidelines range was 135 to 168 months, slightly above the mandatory minimum sentence of ten years imprisonment. Mosley was sentenced on June 20, 2008, to 168 months on each count, to run concurrently, and five years of supervised release.

Through counsel,[2] Mosley filed a timely appeal, in which he argued that the Court erred in denying his requests to withdraw his guilty pleas and that he received ineffective assistance of trial counsel. On July 9, 2009, the Fourth Circuit affirmed Mosley's convictions by an unpublished opinion, finding that the Court did not abuse its discretion in denying Mosley's requests to withdraw his guilty pleas and that the record did not

---

[2] Mr. Yamamoto was appointed to represent Mosley on appeal, but several days later the Fourth Circuit granted Mr. Yamamoto's motion to withdraw and appointed Frank Salvato as new appellate counsel. Mosley's claims of ineffective assistance of appellate counsel are against Salvato.

demonstrate that trial counsel performed deficiently. Mosley timely filed this § 2255 motion on June 1, 2010.

## II. Discussion

To be entitled to relief under § 2255, a prisoner must demonstrate either a lack of jurisdiction by the convicting court, a constitutional error, or a legal error so grave as to be a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). It is only these "fundamental" or constitutional errors that a court may consider on collateral review.

### 1. Denial of Request to Withdraw Guilty Pleas

Mosley's first argument, that the Court abused its discretion in denying him the right to withdraw his guilty pleas, was squarely addressed by the Fourth Circuit when it decided his direct appeal. In that opinion, the Fourth Circuit cited the six factors raised in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) and found that this Court properly applied the Moore factors and did not abuse its discretion in denying Mosley's motion to withdraw his guilty plea. United States v. Jeremy Pernell Mosley, R. No. 08-4689 at 3 (4th Cir. July 9, 2009). Because this issue has been fully considered by the appellate court, Mosley cannot use this § 2255 motion to get a second chance to raise an already fully adjudicated issue.

## 2. Sentencing Errors

Next, Mosley argues that the Court applied an erroneous Guidelines range because it improperly converted the 125 grams of cocaine powder to cocaine base for sentencing purposes. The appropriate drug quantity was explored extensively at Mosley's sentencing hearing, when the Court found that the PSR had miscalculated the Guidelines range by using a far greater quantity of drugs than could be attributed to Mosley. After recalculating the Guidelines using the lower drug quantities, the Court sentenced Mosley far below the Guidelines range that was calculated in the PSR. Considering the quantity of drugs that Mosley could have been held accountable for, the Court treated him leniently when it held him responsible only for 150 to 500 grams of cocaine base. Moreover, nowhere in his Motion does Mosley assert that he did not, in fact, violate §§ 846 and 841(a)(1); his primary complaint seems to stem from what he perceives to be an unfair sentence.

Alleged errors in interpreting or applying the Sentencing Guidelines fall far short of the complete miscarriage of justice needed to support § 2255 relief. United States v. Gardner, 674 F. Supp. 2d 779, 782 (W.D. Va. 2009) (citing United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999), which held that an alleged error in enhancing defendants' offense levels is merely an allegation of an ordinary misapplication of the

5

Guidelines that does not amount to a miscarriage of justice). Accordingly, Mosley's allegations do not rise to the level of a complete miscarriage of justice and therefore cannot state a claim for relief under § 2255.

### 3. Ineffective Assistance of Trial Counsel

To succeed on an ineffective assistance of counsel claim, a movant must satisfy the two-prong test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must show that counsel's performance was "deficient." <u>Id.</u> at 687. Deficient performance is shown when "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. However, counsel is "strongly presumed to have rendered adequate assistance." <u>Id.</u> Second, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. When a prisoner challenges a conviction resulting from a guilty plea, <u>Strickland</u>'s second prong requires the movant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988). Mosley has the burden of proving both of these prongs.

The Fourth Circuit also addressed Mosley's claim of ineffective assistance of trial counsel, finding that the record did not demonstrate that counsel performed deficiently. Mosley, R. No. 08-4689, at 5. Contrary to movant's unsupported assertions that Mr. Yamamoto failed to investigate the case, study applicable laws, and object to the Court's use of the wrong drug type and Guidelines calculations, the record clearly establishes that counsel provided more than adequate representation. Moreover, Mosley swore under oath during his plea hearing that he was satisfied with Mr. Yamamoto's representation. Plea Hr'g Tr. 12. Therefore, nothing in the record suggests that Mr. Yamamoto's representation was ineffective, and this claim will be dismissed.

**4. Ineffective Assistance of Appellate Counsel**

Mosley's claim of ineffective assistance of appellate counsel will be dismissed as well. Mosley asserts that appellate counsel was ineffective for failing to raise the Court's refusal to allow Mosley to withdraw his guilty plea, and the Court's use of the wrong drug type when calculating the Guidelines range. The record shows that appellate counsel did raise the plea withdrawal issue, which the Fourth Circuit rejected when it found that the Court had properly considered the Moore factors in deciding not to allow Mosley to withdraw his guilty plea. Additionally, Mosley's argument concerning the drug type is

7

irrelevant; at sentencing, the Court noted the inflated Guidelines range, and to compensate for that inaccuracy, the Court used a new Guidelines range and the § 3553(a) factors to arrive at a fair sentence that was well below the Guidelines range calculated in the PSR. Thus, Mosley cannot demonstrate that the result of the appeal would have been different had his appellate attorney raised the above arguments to the Fourth Circuit, and Mosley's fourth argument will be dismissed.

### III. Conclusion

For the reasons stated above, Mosley's Motion to Vacate [78] will be DISMISSED by an Order to be issued with this Memorandum Opinion.

Entered this 26th day of August, 2010.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge